# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-60891
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAMONIE TILLMAN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:06-CR-94-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jamonie Tillman appeals the 24-month sentence imposed by the district court upon revocation of his term of supervised release. Tillman compares how much a defendant charged with possession of marijuana would have to possess to receive a sentence similar to that received by him in connection with the revocation of his supervised release. He argues that, given his criminal history, his sentence is too harsh.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Upon revoking a defendant's supervised release, the district court may impose any sentence that falls within the statutory maximum term of imprisonment allowed for revocation. *See* 18 U.S.C. § 3583(e)(3). The district court must consider the factors enumerated in 18 U.S.C. § 3553(a), including the non-binding policy statements in Chapter Seven of the Sentencing Guidelines. § 3583(e); *see United States v. Mathena*, 23 F.3d 87, 92-93 (5th Cir. 1994). We review the sentence imposed on revocation of supervised release to determine whether it is unreasonable or plainly unreasonable. *See United States v. Hinson*, 429 F.3d 114, 119-20 (5th Cir. 2005) (noting it is unnecessary to decide which standard applies where a sentence passes muster under both standards).

In determining Tillman's sentence, the district court noted his history and characteristics by noting that Tillman, who had twice been released to supervised release, had been unwilling to abide by the conditions of his supervised release. The district court also noted the need to protect the public from future crimes by Tillman, who had been convicted while on supervised release of disorderly conduct, profanity, providing false information, and simple assault. Tillman has not shown that the 24-month sentence imposed was unreasonable or plainly unreasonable. *See* § 3553(a)*; Mathena*, 23 F.3d at 93-94 (affirming statutory maximum sentence of 36 months where guidelines range for revocation was 6 to 12 months).

AFFIRMED.